Maria Guadalupe **BALTAZAR GARCIA**; Miguel Morfin Bernabe, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–75893.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008 *.

Filed May 22, 2008.

Maria Guadalupe Baltazar Garcia, San Jose, CA, pro se.

Miguel Morfin Bernabe, San Jose, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Thankful T. Vanderstar, Esq., DOJ— U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Maria Guadalupe Baltazar Garcia and Miguel Morfin Bernabe, married natives

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We grant in part and deny in part the petition for review and remand.

An intervening change in the law requires us to remand on the issue of Bernabe's continuous physical presence. In *Ibarra–Flores v. Gonzales*, we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts them. *See* 439 F.3d 614, 619 (9th Cir.2006); *see also Tapia v. Gonzales*, 430 F.3d 997, 1004 (9th Cir.2005). The nature of Bernabe's departures is unclear from the record.

We therefore remand for the agency to reconsider the issue of Bernabe's continuous physical presence.

The adverse credibility finding against Baltazar Garcia was based mainly on an inconsistency between her cancellation application and her testimony about her entry date. Baltazar Garcia was represented by Walter Pineda, who resigned from the practice of law with charges pending in 2006. Because Pineda's role in preparing Baltazar Garcia's application is unclear, and because she provided a witness who corroborated her testimony regarding her

entry date, we remand for the agency to reconsider its adverse credibility determination.

Petitioners' contention that the agency violated their due process rights by disregarding their evidence of physical presence is not supported by the record.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**